IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,798-01






EX PARTE MICHAEL A. TREVINO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-1-007993-0720919 IN THE CRIMINAL DISTRICT COURT #1


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
prohibited weapon, and originally received five years' deferred adjudication community supervision.
His community supervision was revoked in 2000, and he was sentenced to five years' imprisonment.

 Applicant contends that he is being illegally confined, and that he should have discharged
his sentence in 2005. The State has not filed an answer, and the trial court has made no findings of
fact or conclusions of law. Applicant has alleged facts that, if true might entitle him to relief. Ex
parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates
of any releases on parole or mandatory supervision, and the dates of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit
should state whether Applicant is serving a sentence for, or has previously been convicted of, an
offense which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. 
The affidavit should also address how much time was remaining on this sentence on the dates that
Applicant was released on parole or mandatory supervision, and how much time Applicant spent
on release before the issuance of the parole-revocation warrants. The affidavit should state whether
or not Applicant is receiving credit for any of the time spent on parole or mandatory supervision. 
Because Applicant is within 180 days of his presumptive release date according to TDCJ's own
records, he does not need to exhaust his administrative remedies by submitting his claim to the time
credit resolution system of TDCJ.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is eligible to earn street
time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court
shall also make finding as to whether Applicant is receiving the proper amount of time credit for that
time. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 21, 2007

Do not publish